UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

CARL HIGBIE, JOSEPH HARRIS, and MICHAEL VORTUBA,

                              *Plaintiffs*,

      -against-

STEVEN G. JAMES, in his Official Capacity as Superintendent of the New York State Police, SHERIFF KYLE BOURGAULT, in his Official Capacity as the Sheriff of Rensselaer County, New York, SHERIFF DONALD J. KRAPF, in his Official Capacity as the Sheriff of Columbia County, New York, and JOHN DOES 1-10,

                              *Defendants*.

**ANSWER**

24-CV-0174

MAD/TWD

---

        Defendant Steven G. James, sued in his Official Capacity as Superintendent of the New York State Police (the "Superintendent"), by his attorney, Letitia James, Attorney General of the State of New York, Matthew J. Gallagher, Assistant Attorney General, of counsel, answers the Complaint (ECF No. 1) as follows:

        1.      Paragraph 1 of the Complaint is an introductory characterization of the proceeding and does not require a response. To the extent the allegations in Paragraph 1 of the Complaint could be construed to assert wrongdoing by the Superintendent, they are denied.

        2.      As to the allegations contained in paragraph 2 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents, denies any allegations inconsistent therewith.

        3.      Denies the allegations contained in paragraph 3 of the Complaint.

4. Admits the allegations contained in paragraph 4 of the Complaint.

5. Denies the allegations contained in paragraph 5 of the Complaint.

6. Denies the allegations contained in paragraph 6 of the Complaint.

7. Denies the allegations contained in paragraph 7 of the Complaint and refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents.

8. Paragraph 8 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, denies the allegations set forth in Paragraph 8 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of its contents.

9. Denies the allegations contained in the first sentence of paragraph 9 of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 9 of the Complaint.

10. As to the allegations contained in paragraph 10 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 15 of the Complaint; denies the allegations contained in the second sentence of paragraph 15; denies knowledge or information sufficient to form a belief as to the truth of the allegation, "Were they allowed to apply for New York permits, Mr. Higbie, Mr. Harris, and Mr. Votruba would meet the eligibility standards required as . . . they are otherwise are eligible to possess and carry firearms in the State of New York" contained in the third sentence of paragraph 15; denies the remaining allegations contained in the third sentence of paragraph 15 of the Complaint, including that Plaintiffs are prohibited from applying for a New York permit based upon their out-of-state residency.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 17 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of its contents.

18. The first sentence of paragraph 18 of the Complaint is a statement of the capacity in which Defendant is being sued that does not require a response; denies the allegations contained in the second and fifth sentences of paragraph 18 of the Complaint to the extent they are inconsistent with Exec. Law § 223, which sets forth the duties and powers of the Superintendent; denies the allegations set forth in the third sentence of paragraph 18; the fourth sentence of paragraph 18 is a citation sentence to which no response is required, and to the extent a response

is required, the Superintendent respectfully refers the Court to the legal authority cited for a complete and accurate statement of their contents; the last sentence of Paragraph 18 of the Complaint sets forth a legal conclusion to which no response is required.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Complaint and refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents.

22. Denies the allegations contained in the first sentence paragraph 22 of the Complaint; denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint.

24. Neither admits nor denies the allegations of Paragraph 24, as it is a statement of the basis for the proceeding, which does not require a response. To the extent a response is deemed required, admits that the Plaintiffs raise the challenges described but denies that those challenges have merit.

25. Denies the allegations contained in paragraph 25 of the Complaint.

26. Denies the allegations contained in paragraph 26 of the Complaint.

27. Neither admits nor denies the allegations contained in Paragraph 27, as they state legal conclusions to which no response is required. To the extent that a response is deemed

required, denies the allegations contained in Paragraph 27, except admits that Plaintiffs rely upon the cited statutes for jurisdiction.

28. Neither admits nor denies the allegation contained in Paragraph 20, as it states a legal conclusion to which no response is required. To the extent a response is deemed required, admits that venue is proper in this District.

29. As to the allegations contained in paragraph 29 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

30. As to the allegations contained in paragraph 30 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

31. As to the allegations contained in paragraph 31 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

32. As to the allegations contained in paragraph 32 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

33. As to the allegations contained in paragraph 33 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

34. As to the allegations contained in paragraph 34 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

35. As to the allegations contained in paragraph 35 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

36. As to the allegations contained in paragraph 36 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

37. As to the allegations contained in paragraph 37 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

38. As to the allegations contained in paragraph 38 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

39. As to the allegations contained in paragraph 39 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

40. Neither admits nor denies the allegations of Paragraph 40 of the Complaint, as it sets forth a legal argument and conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 40 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of its contents.

41. Neither admits nor denies the allegations of Paragraph 41 of the Complaint, as it sets forth a legal argument and conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 41 of the Complaint,

and respectfully refers the Court to the legal authority cited for a complete and accurate statement of its contents.

42. As to the allegations contained in paragraph 42 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

43. As to the allegations contained in paragraph 43 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

44. As to the allegations contained in paragraph 44 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

45. As to the allegations contained in paragraph 45 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

46. Denies the allegations contained in paragraph 46 of the Complaint.

47. As to the allegations contained in paragraph 47 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

48. Denies the allegations contained in paragraph 48 of the Complaint.

49. As to the allegations contained in paragraph 49 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

50. Denies the allegations contained in paragraph 50 of the Complaint.

51. Neither admits nor denies the allegations contained in paragraph 51 of the Complaint as it sets forth a legal argument and conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 51 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

52. As to the allegations contained in paragraph 52 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

53. As to the allegations contained in paragraph 53 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

54. Neither admits nor denies the allegations of Paragraph 54 of the Complaint as it sets forth a legal argument and conclusion to which no response is required. To the extent that a response is deemed required, Defendant denies the allegations set forth in Paragraph 54 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of its contents.

55. Neither admits nor denies the portion of the first sentence in paragraph 55 preceding the last comma as it sets forth a legal conclusion to which no response is required; to the extent that a response is deemed required, Defendant denies the aforementioned allegations set forth in Paragraph 55 of the Complaint. Denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 55 of the Complaint.

56. As to the allegations contained in paragraph 56 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

57. As to the allegations contained in paragraph 57 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

58. Neither admits nor denies the allegations of Paragraph 58 of the Complaint, as it sets forth a legal conclusion to which no response is required.

59. Paragraph 59 is a statement of relief sought in the proceeding, which does not require a response.

60. Neither admits nor denies the allegations of Paragraph 60 of the Complaint, as it sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 60 of the Complaint and respectfully refers the Court to the legal authority cited for a complete and accurate statement of their contents.

61. Denies the allegations contained in paragraph 61 of the Complaint.

62. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the Complaint.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the Complaint.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the Complaint.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 68 of the Complaint.

69. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 69 of the Complaint.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 70 of the Complaint.

71. Denies the allegations contained in paragraph 71 of the Complaint.

72. Denies the allegations contained in paragraph 72 of the Complaint.

73. Denies the allegations contained in paragraph 73 of the Complaint.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 75 of the Complaint.

76. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 76 of the Complaint.

77. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 77 of the Complaint.

78. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the Complaint.

79. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 79 of the Complaint.

80. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the Complaint.

81. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 81 of the Complaint.

82. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 82 of the Complaint.

83. Denies the allegations contained in paragraph 83 of the Complaint.

84. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first, second, and fourth sentences of paragraph 84 of the Complaint; admits the allegations contained in the third sentence of paragraph 84.

85. Denies the allegations contained in paragraph 85 of the Complaint.

86. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the Complaint.

87. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the Complaint.

88. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the Complaint.

89. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the Complaint.

90. Denies the allegations contained in paragraph 90 of the Complaint.

91. Denies the allegations contained in paragraph 91 of the Complaint.

92. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the Complaint.

93. Denies the allegations contained in paragraph 93 of the Complaint.

94. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the Complaint.

95. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the Complaint.

96. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the Complaint.

97. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the Complaint.

98. Denies the allegations contained in paragraph 98 of the Complaint, except admits that Mr. Votruba's Massachusetts license to carry is not valid in New York.

99. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the Complaint.

100. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 100 of the Complaint; denies the remaining allegations contained in paragraph 100 of the Complaint.

101. As to the allegations contained in paragraph 101 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

102. Denies the allegations contained in paragraph 102 of the Complaint.

103. Denies the allegations contained in paragraph 103 of the Complaint.

104. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the Complaint.

105. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the Complaint.

106. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the Complaint.

107. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the Complaint.

108. Paragraph 108 of the Complaint sets forth a legal conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 108 of the Complaint and respectfully refers the Court to the legal authority cited for a complete and accurate statement of their contents.

109. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the Complaint.

110. Neither admits nor denies the allegations of Paragraph 110 of the Complaint, as it sets forth a legal argument and conclusion to which no response is required.  To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 110 of the Complaint.

111. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the Complaint.

112. Denies the allegations contained in paragraph 112 of the Complaint.

113. Repeats and realleges paragraphs 1-112 above as if fully set forth herein.

114. Denies the allegations contained in paragraph 114 of the Complaint.

115. Neither admits nor denies the allegations of Paragraph 115 of the Complaint, as it sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

116. As to the allegations contained in paragraph 116 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

117. Paragraph 117 of the Complaint states a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 115 of the Complaint.

118. Denies the allegations contained in paragraph 118 of the Complaint.

119. Denies the allegations contained in paragraph 119 of the Complaint.

120. Denies the allegations contained in paragraph 120 of the Complaint.

121. Denies the allegations contained in paragraph 121 of the Complaint.

122. Repeats and realleges paragraphs 1-121 above as if fully set forth herein.

123. As to the allegations contained in paragraph 123 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

124. As to the allegations contained in paragraph 124 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

125. Denies the allegations contained in paragraph 125 of the Complaint.

126. Neither admits nor denies the allegations of paragraph 126 of the Complaint, as it states legal conclusions to which no response is required, and respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

127. As to the allegations contained in paragraph 127 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

128. Neither admits nor denies the allegations of Paragraph 128 of the Complaint, as it sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 128 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of their contents.

129. As to the allegations contained in paragraph 129 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

130. As to the allegations contained in paragraph 130 of the Complaint, respectfully refers the Court to the legal authority cited therein as the best evidence and most accurate version of its contents and denies any allegations inconsistent therewith.

131. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 131. Neither admits nor denies the remaining allegations in paragraph 131, as it sets forth legal argument and conclusions to which no response is required, and to the extent that a response is required, Defendant denies the

remaining allegations set forth in Paragraph 131 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of their contents.

132. Paragraph 132 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 132 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of their contents.

133. Paragraph 133 of the Complaint sets forth a legal conclusion to which no response is required. To the extent that a response is required, Defendant denies the allegations set forth in Paragraph 133 of the Complaint, and respectfully refers the Court to the legal authority cited for a complete and accurate statement of their contents.

134. Denies any allegation of the complaint not specifically responded to above.

135. Denies the Plaintiffs are entitled to any of the relief requested in the "PRAYER FOR RELIEF."

## AFFIRMATIVE DFENSES

136. The Complaint fails to state a claim upon which relief can be granted.

137. The Complaint is barred, in whole or in part, by sovereign or Eleventh Amendment immunity.

138. The Complaint is barred because Plaintiff's claims are not covered by the plain text of the Second Amendment.

139. The Court lacks subject matter jurisdiction to hear claims against the Superintendent.

140. Plaintiffs' claims are barred on the ground that the challenged statutory provisions are "consistent with this Nation's historical tradition of firearm regulation."

141.    Defendant may rely upon any other and/or additional applicable defense raised by another defendant to this action.

142.    Defendant intends to rely upon any other and/or additional applicable defense that is now or may become available during the proceedings in this action and reserves the right to amend this Answer to assert such defense or defenses.

WHEREFORE, Defendant, Steven G. James, sued in his Official Capacity as Superintendent of the New York State Police, respectfully requests that this Honorable Court deny the relief requested, dismiss the Complaint in its entirety and with prejudice, and grant such other relief that the Court deems is just, proper, and equitable.

Dated: Albany, New York
       February 29, 2024

        LETITIA JAMES
        Attorney General
        State of New York
        Attorney for Defendant Steven G. James
        The Capitol
        Albany, New York 12224

        By: s/ *Matthew J. Gallagher*
        Matthew J. Gallagher
        Assistant Attorney General, of Counsel
        Bar Roll No.   701111
        Telephone:   (518) 776-2284
        Fax: (518) 915-7734 (not for service of papers)
        Email: matthew.gallagher@ag.ny.gov

TO:   All attorneys of record
      (*via ECF*)