

P.O. Box 428, Olive Branch, MS  38654 | (601) 852-3440 | stephen@sdslaw.us

December 16, 2024

Hon. Mae A. D'Agostino                                                                           *via ECF*
United States District Court
Northern District of New York
James T. Foley U.S. Courthouse
445 Broadway, Courtroom 5
Albany, NY 12207

**Re:** *Higbie, et al. v. James, et al.,* No. 1:24-cv-00174 (MAD/TWD)

Dear Judge D'Agostino:

Pursuant to Your Honor's Individual Rules and Practices, please accept this correspondence as Plaintiffs' Pre-Motion Letter regarding Plaintiffs' intention to file a Motion for Summary Judgment against all Defendants in this matter.[1]

Plaintiffs' Motion for Summary Judgment intends to raise arguments that New York State law infringes on the Second and Fourteenth Amendment rights of nonresidents by prohibiting them from carrying a firearm in public by virtue of their nonresidency or employment.  Indeed, N.Y. Penal Law § 400.00(3)(a) requires that "[a]pplications shall be made and renewed, in the case of a license to carry or possess a pistol or revolver … to the licensing officer in the city or county, as the case may be, where the applicant resides, is principally employed or has his or her principal place of business as merchant or storekeeper...."

Because Plaintiffs Joseph Harris and Michael Votruba do not satisfy any of the exemptions found in N.Y. Penal Law § 400.00(3)(a), they are unable to apply for a New York State permit, and New York does not recognize their valid out-of-state permits.  Mr. Harris attempted to apply

---

[1] This Court's deadline for dispositive motions is January 24, 2025.  *See* Document 25.

1

with Defendants Krapf and Bourgault, respectively, but was told that there was no way to apply for a New York permit because of New York law. Mr. Votruba attempted to apply for a permit with Defendant Bourgault and was told that permits are not issued to out-of-state residents. Plaintiff Carl Higbie attempted to apply for a permit immediately after *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022) was decided, but similarly could not even apply. Mr. Higbie is currently attempting to apply for a New York City permit, after New York City recently changed its rules on permitting after this lawsuit was initiated. Mr. Higbie has not been able to complete the application process yet.

Plaintiffs will rely on *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1, 31 (2022), declaring that the Second Amendment protects an individual's "general right to publicly carry arms for self-defense," *District of Columbia v. Heller*, 554 U.S. 570, 581 (2008), explaining that the right "is exercised individually and belongs to all Americans[,]" and *Bach v. Pataki*, 408 F.3d 75, 81 (2d Cir. 2005), which holds that "[t]he only nonresidents eligible for a [firearm] license are local workers, who may apply to the licensing officer in the city or county of their principal employment or principal place of business."

New York also does not recognize or grant "reciprocity" to the out-of-state permits of any other state, which Plaintiffs allege violates Article IV, § 2 of the United States Constitution. Given New York's refusal to allow nonresidents to apply for a permit to carry a firearm in New York unless they meet a narrow exception, and that New York does not allow for reciprocity with out-of-state permits, as a matter of law, New York therefore prohibits nonresidents from carrying a firearm in public while physically present in New York, irrespective of their status as American citizens enjoying full constitutional protection.

Pursuant to *Bruen*, Defendants bear the burden of demonstrating that entirely prohibiting nonresidents (94 percent of Americans) from exercising the right to "keep and bear arms" in New York is "consistent with this Nation's historical tradition of firearm regulation." *Bruen*, 597 U.S. at 17. Defendants will be unable to meet that burden.

Plaintiffs' Motion for Summary Judgment will demonstrate that New York's law violates the Second Amendment and Article IV, § 2, and that summary judgment is appropriate on all counts as alleged in Plaintiffs' Complaint. Plaintiffs anticipate filing their Motion for Summary Judgment in line with this Court's dispositive motion deadline by January 24, 2025, and hereby seek pre-filing permission to do so.

We thank the Court in advance for its consideration.

Yours very truly,

Stephen D. Stamboulieh

cc:    All counsel of record (via ECF)