

Office of the New York State  
Attorney General

Letitia James  
Attorney General

December 19, 2024

**Via ECF**

The Honorable Mae A. D'Agostino  
United States District Court for the Northern District of New York  
445 Broadway  
Albany, New York 12207

      Re: <u>Higbie, et al. v. James, et al.</u>, No. 24 Civ. 174

Dear Judge D'Agostino,

      This Office represents Steven G. James, sued in his official capacity as Superintendent of the New York State Police. I write in response to Plaintiffs' pre-motion letter, ECF No. 37, and to outline the Superintendent's anticipated cross-motion for summary judgment. Plaintiffs are trying to manufacture a controversy where none exists: New York law does not include the in-state residency or employment requirement they purport to challenge. Moreover, the Superintendent is not a proper Eleventh Amendment defendant and Plaintiffs have no injury traceable to him.

**<u>New York's Firearm Licensing Law Does Not Require In-State Residency or Employment</u>**

      Plaintiffs' case is dependent on a misapprehension of the law: contrary to their assertions, New York's licensing statute contains no in-state residency or employment requirement. In fact, the statute explicitly states that licenses may be "issued to a noncitizen, or to a person not a citizen of and usually a resident in the state," N.Y. Penal Law § 400.00(7), language Plaintiffs admit covers their case. The requirements for a firearm license application are enumerated in Penal Law § 400.00(1), which contains neither a residency nor an in-state employment requirement, and the

law separately contemplates that a concealed carry permit can be issued to "any person" and is "without regard to employment and place of possession." Id. § 400.00(2)(f).[1]

Penal Law § 400.00(3)(a) states that applications are made "to the licensing officer in the city or county, as the case may be, where the applicant resides, is principally employed or his or her principal place of business as merchant or storekeeper." But any interpretation of this statute as establishing an implicit requirement for in-state residency or employment cannot be squared with the Court of Appeals' ruling in Osterweil v. Bartlett, 977 N.Y.S.2d 153, 156 (N.Y. 2013), unanimously holding that this provision "was originally designed to ensure that licenses were obtained where applicants resided, and to discourage 'forum-shopping,' rather than to exclude certain applicants from qualifying at all."[2] Gun licensing in New York is handled on the county level, and several jurisdictions accept applications from out-of-state applicants.

Even if the Court were to view Penal Law § 400.00 as ambiguous – which it is not – fundamental principles of statutory interpretation preclude adopting an interpretation that would create even an arguable constitutional question. See 1256 Hertel Ave. Assocs., LLC v. Calloway, 761 F.3d 252, 260-61 (2d Cir. 2014). And if the statute were ambiguous, the appropriate course would be to abstain from jurisdiction under Railroad Commission of Texas v. Pullman Co., 312 U.S. 496 (1941), which applies, *inter alia*, where "resolution of [a] federal constitutional issue depends on the interpretation of the [ambiguous] state law." Nov. Team, Inc. v. JCOPE, 233 F. Supp. 3d 366, 370 (S.D.N.Y. 2017). Although in-state residency or employment requirements

---

[1] This straightforward interpretation is not a new development and has been New York's position in several other cases, including before the State's highest court well before this suit was filed. See Br. for Intervenor Attorney General, People v. Telfair, No. APL-2022-00011 (N.Y), at 52-55; see also Brief for the Attorney General as Intervenor, Meissner v. City of New York, No. 23 Civ. 1907 (S.D.N.Y.), ECF No. 49 at 16-18.

[2] The clear holding of Osterweil applies to residence as well as domicile, particularly when the state high Court explicitly wrote that "a handgun license may be issued, under the statute, to a person who is 'not . . . usually a resident' in New York State." Id. at 156-57. Plaintiffs do not appear to have been aware of Osterweil prior to this action and did not acknowledge the case in their Complaint or pre-motion letter.

would pass constitutional muster under the historical tradition of preventing persons outside a jurisdiction from carrying weapons within, the Court need not reach the issue.

**The Superintendent Is Not a Proper Defendant**

Summary judgment in favor of the Superintendent is also appropriate because Eleventh Amendment immunity and fundamental principles of standing bar suit against him in a licensing case, since he plays no role in deciding firearm applications for anyone other than retired state troopers. See Libertarian Party of Erie County v. Cuomo, 970 F.3d 106, 122 (2d Cir. 2020) (dismissing licensing challenge against defendants lacking "any role in the licensing process or in the consideration of applications," including the prior Superintendent). Accordingly, the Superintendent must be dismissed in any event. See, e.g., Corbett v. Hochul, No. 22 Civ. 5867, 2024 WL 3553132, at *4 (S.D.N.Y. July 26, 2024).

**Plaintiffs' Demand For "Reciprocity" Is Unsupported by Law or History**

Lastly, Plaintiffs' demand for that New York "grant 'reciprocity' to the out-of-state permits of any other state," ECF No. 37 at 2, is without merit. Any Privileges and Immunities argument would fail because the law does not discriminate on its face, Plaintiffs have identified no economically protectionist purpose behind the statute, see Schoenefeld v. Schneiderman, 821 F.3d 273, 276 (2d Cir. 2016), and requiring persons seeking to carry weapons in New York State to apply for a New York license "is reasonable and . . . substantially relates to the [State]'s policy goals." Lai v. N.Y. City Gov't, 163 F.3d 729, 731 (2d Cir. 1998) (per curiam); cf. Bruen, 597 U.S. at 38 n.9 (2022) (recognizing constitutionality of laws "designed to ensure only that those bearing arms in the jurisdiction are, in fact, law abiding, responsible citizens." (emphasis added)).

The Superintendent welcomes the opportunity to discuss the case with the Court and suggests that a pre-motion conference be held rather than moving directly to briefing. We thank the Court for its time and consideration.

                                            Respectfully submitted,

                                            /s/

                                            James M. Thompson
                                            Special Counsel
                                            (212) 416-6556
                                            james.thompson@ag.ny.gov

cc:      Counsel for all parties (via ECF)