IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CARL HIGBIE, JOSEPH HARRIS, and MICHAEL VOTRUBA,<br><br>Plaintiffs,<br><br>v.<br><br>STEVEN G. JAMES, in his Official Capacity as Superintendent of the New York State Police, SHERIFF KYLE BOURGAULT, in his Official Capacity as the Sheriff of Rensselaer County, New York, SHERIFF DONALD J. KRAPF, in his Official Capacity as the Sheriff of Columbia County, New York, and JOHN DOES 1-10,<br><br>Defendants. | Civil Action No. 1:24-cv-00174-MAD-TWD |

**PLAINTIFFS' STATEMENT OF MATERIAL FACTS IN
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56.1(a) of the United States District Court for the Northern District of New York, Plaintiffs Carl Higbie, Joseph Harris, and Michael Votruba, by and through counsel, submit their Statement of Material Facts in Support of Plaintiffs' Motion for Summary Judgment. Citations to exhibits in Plaintiffs' Statement of Undisputed Materials Facts, unless otherwise noted, are to those exhibits listed in the declaration of Stephen D. Stamboulieh, dated January 24, 2025, and made part thereof, submitted in support of Plaintiffs' Motion for Summary Judgment.

1. Plaintiff Joseph Harris is an adult male citizen of the Commonwealth of Massachusetts, a citizen of the United States, a law-abiding person, and has no disqualification under state or federal law which would prohibit him from possessing a firearm. Declaration of

1

Joseph Harris ("Harris Declaration") ¶¶1, 3, ECF No. 1-1; Deposition of Joseph Harris ("Harris Deposition") at 15:18-21, 47:19-52:24, Exhibit 1.

2. Harris is licensed to carry a firearm in Massachusetts, where he maintains an "unrestricted" license to carry. Harris Declaration ¶3; Harris Deposition at 24:14-22.

3. Harris has several other valid, "nonresident" licenses issued by various states. Harris Declaration ¶3; Harris Deposition at 21:17-25 (Maine, Rhode Island, Connecticut, Texas, Florida, Utah, Pennsylvania).

4. Harris frequently visits family in New York and desires to carry a handgun for self-defense. Harris Declaration ¶15; Harris Deposition at 20:12-20, 43:12-14.

5. Harris does not reside or own property in New York, nor is he employed in New York. Harris Declaration ¶¶5-6; Harris Deposition at 16:12-18, 55:10-12, 17:12-19:14.

6. Harris was informed that the only nonresidents who may apply for a New York permit are individuals who either are principally employed in New York or own property in New York. Harris Declaration ¶¶4-6; Harris Deposition at 54:19-55:16; *see also* Deposition of Sergeant Michael Brennan ("Brennan Deposition") at 17:2-5, Exhibit 2.

7. New York does not recognize a Massachusetts License to Carry Firearms. Harris Declaration ¶7; Harris Deposition at 55:13-16.

8. Harris contacted the Pistol Clerk at the Sheriff's Office of Rensselaer County and was informed he needed to live in the county, possess a New York driver's license, and that New York would not recognize a Massachusetts's firearm license. Harris Declaration ¶¶8-10; Harris Deposition at 57:23-58:22; Deposition of Sheriff Bourgault ("Bourgault Deposition") at 20-21, Exhibit 3.

9. Harris contacted the Sheriff's Office of Columbia County and was informed that New York does not issue permits to nonresidents unless they own property in New York. Harris Declaration ¶¶11-13; Harris Deposition at 56:4-57:22; Deposition of Sheriff Krapf ("Krapf Deposition") at 16:4-7, Exhibit 4.

10. Harris was informed by the Columbia County Sheriff's Office that New York would not recognize his Massachusetts's firearm license. Harris Declaration ¶13; Harris Deposition at 56:11-12; Krapf Deposition at 17:22-23.

11. Plaintiff Michael Votruba is an adult male citizen of the Commonwealth of Massachusetts, a citizen of the United States, a law-abiding person, and has no disqualification under state or federal law which would prohibit him from possessing a firearm. Declaration of Michael Votruba ("Votruba Declaration") ¶¶1, 3, ECF No. 1-3; Deposition of Michael Veotruba [sic] ("Votruba Deposition") at 15:4-11, 19:10-20:20, 33:9-20, 41:23-45:17, Exhibit 5.

12. Votruba maintains an "unrestricted" Massachusetts license to carry. Votruba Declaration ¶3; Votruba Deposition at 20:21-24, 32:22-24.

13. Votruba lives approximately 400 yards from the Massachusetts Pittsfield State Forest, which shares a border with New York. Votruba Declaration ¶4; Votruba Deposition at 34:13-17.

14. Votruba hikes in Pittsfield State Forest and carries his firearm with him during his hiking. Votruba Declaration ¶5.

15. Votruba routinely visits New York to purchase fuel in New Lebanon and visit friends in Columbia and Rensselaer Counties. Votruba Declaration ¶¶7-10; Votruba Deposition at 34:21-24, 36:13-19.

16. While visiting New York, Votruba desires to carry a handgun for self-defense. Votruba Declaration ¶¶13, 17; Votruba Deposition at 28:7-10.

17. Votruba does not reside or own property in New York, nor is he employed in New York. Votruba Declaration ¶¶13, 17; Votruba Deposition at 28:7-10.

18. In December 2023, Votruba called the New York State Police three times to inquire about his eligibility for a New York License to Carry as a nonresident, but he could never get through to a live person. Votruba Declaration ¶13; Votruba Deposition at 38:21-39:12.

19. Votruba spoke with the Sheriff of Rensselaer County, Defendant Kyle Bourgault, on December 18, 2023, who informed Votruba that New York does not issue licenses to nonresidents unless they work in New York. Votruba Declaration ¶¶14-15; Votruba Deposition at 36:20-37:22; Bourgault Deposition at 20-21.

20. Plaintiff Carl Higbie is an adult male citizen of the State of Connecticut, a citizen of the United States, a law-abiding person, and has no disqualification under state or federal law which would prohibit him from possessing a firearm. Declaration of Carl Higbie ("Higbie Declaration") ¶¶1, 3, ECF No. 1-2; Deposition of Carlton Higbie IV ("Higbie Deposition") at 14:4-11, 33:20-36:16, 37:13-40:15, Exhibit 6.

21. Higbie is a former Navy SEAL and received extensive weapons training across a variety of platforms. Higbie Declaration ¶¶4-5, 8; Higbie Deposition at 22:21-22, 59:20-24.

22. Higbie has an unrestricted license to carry firearms issued by Connecticut. Higbie Declaration ¶3; Higbie Deposition at 41:9-14.

23. Higbie routinely carries a firearm in public for self-defense when in Connecticut, and desires to do the same when he visits New York. Higbie Declaration ¶15; Higbie Deposition at 61:7-8, 62:6-7.

4

24. Higbie frequently visits New York to shop, visit friends, and participate in recreational activities. Higbie Declaration ¶¶11-12, 14; Higbie Deposition at 24:23-25.

25. Higbie does not reside or own property in New York. Higbie Declaration ¶¶1, 14; Higbie Deposition at 14:4-11.

26. Higbie has been unable to apply for a New York Pistol/Revolver License, having been turned away by licensing authorities in Manhattan, in addition to Dutchess, Rensselaer, Putnam, and Westchester Counties. *Id.* at 23:4-9, 24:17-29:2; *see also id.* at 23:24-24:5

27. Higbie could not apply in New York City because he did not have a New York driver's license. Higbie Deposition at 29:17-20; *see also id.* at 30:23-31:2.

28. As the Superintendent of the NYSP, Defendant Steven G. James is the entity/individual tasked with implementing procedures for the licensing scheme and process. N.Y. Penal Law § 400.00(3)(a), (4a), (5a), (7), (10)(b); *see also* Deposition of Deyo at 28-29.

29. Defendant James is tasked with enforcing New York firearm laws, including arresting unlicensed residents *and* nonresidents who carry firearms unlawfully within the state. N.Y. Exec. Law § 223.

30. New York has no reciprocity with any other state's license to carry. Deposition of Sergeant Michael Brennan ("Brennan Deposition") at 32:16-18, Exhibit 2; Superintendent Steven G. James' Response to Request for Admission No. 5, Exhibit 7.

31. Sheriff Donald J. Krapf is responsible for accepting pistol license applications in Columbia County, but does not accept applications from nonresidents. Krapf Deposition at 13:7-16, 16:5-7.

32. Sheriff Krapf would accept a nonresident application if New York law changed or if this Court issued an order allowing nonresidents to apply. *Id.* at 24:13-19.

33. In Columbia County, "[a]pplicants must be a legal resident of Columbia County for at least six months." *Id.* at 33:8-11.

34. Rensselaer County does not accept License to Carry applications from out-of-state residents. Bourgault Deposition at 20:25-21:2.

35. Sheriff Bourgault confirmed that Rensselaer County does not accept nonresident applications, and that a Massachusetts license would not be recognized in New York. *Id.* at 20:24-21:9.

36. If Sheriff Bourgault were allowed to accept nonresident license applications, he "certainly" would do so. *Id.* at 25:23-26:3.

Dated: January 24, 2025

Respectfully submitted,

*/s/ Stephen D. Stamboulieh*
Stephen D. Stamboulieh
Stamboulieh Law, PLLC
P.O. Box 428
Olive Branch, MS 38654
(601) 852-3440
stephen@sdslaw.us
NDNY Bar Roll# 520383

Robert J. Olson
William J. Olson, PC
370 Maple Ave. West, Suite 4
Vienna, VA 22180-5615
703-356-5070 (T)
703-356-5085 (F)
wjo@mindspring.com
NDNY Bar Roll# 703779

**Certificate of Service**

      I, Stephen D. Stamboulieh, hereby certify that I have caused to be filed a true and correct copy of the foregoing document or pleading via the Court's CM/ECF system which sent a notice and copy of the foregoing to all counsel of record.

Dated: January 24, 2025

                                                      */s/ Stephen D. Stamboulieh*
                                                      Counsel for Plaintiffs