

**Office of the New York State Attorney General**

**Letitia James Attorney General**

March 6, 2025

**Via ECF**

The Honorable Mae A. D'Agostino
United States District Court for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207

       Re:  <u>Higbie, et al. v. James, et al.</u>, No. 24 Civ. 174

Dear Judge D'Agostino,

      This Office represents Steven G. James, sued in his official capacity as Superintendent of the New York State Police. I write to update the Court regarding yesterday's decision in <u>Meissner v. City of New York</u>, No. 23 Civ. 1907 (S.D.N.Y.), which upheld New York's firearm licensing laws against claims substantially identical to the ones raised by Plaintiffs in this action.

      The key plaintiffs in <u>Meissner</u>, like the Plaintiffs here, are persons licensed in a neighboring state who contend that New York State and New York City "do not issue licenses to non-residents." <u>Meisner</u> slip op. at 5. Like the Plaintiffs in this case, they argued that the Second Amendment and the Full Faith and Credit Clause required New York to "accept the validity of firearms licenses of other states." <u>Id.</u> at 4. The <u>Meissner</u> plaintiffs also raised a claim under the constitutional right to travel, which "fall[s] within the purview of the Privileges and Immunities Clause," one of the key constitutional provisions invoked by Plaintiffs in this action. <u>See id.</u> at 13 (quoting <u>Schonefeld v. Schneiderman</u>, 821 F.3d 273, 279 (2d Cir. 2016)). The Honorable Naomi Reice Buchwald rejected each of these arguments in a thorough opinion, granting a motion to dismiss brought by New York State Attorney General Letitia James and an accompanying motion for judgment on the pleadings filed by New York City.

      Of particular importance in this case, Judge Buchwald found that "New York State does not prohibit nonresidents from applying for a firearm license," citing to the eligibility provision in N.Y. Penal Law § 400.00(1), which contains no in-state residency or employment requirement. <u>Meissner</u> slip op. at 13. Accordingly, the plaintiffs' Privileges and Immunities claim failed because plaintiffs' "cannot establish that New York State has burdened nonresident activity at all." <u>Id.</u> at 13-14. In dismissing the plaintiffs' Full Faith and Credit Clause argument, Judge Buchwald held that "New York State is not required to substitute its own firearm licensing laws for New Jersey's regime," citing the Supreme Court's opinion in <u>Franchise Tax Boad. of California v. Hyatt</u>, 578 U.S. 171, 176 (2016). <u>Meissner Slip Op.</u> at 11. And as to plaintiffs' Second Amendment claim,

the Court emphasized that "'shall-issue licensing regimes, so long as they allow persons contemplated by the Second Amendment to keep and bear arms and are not applied in practice to frustrate that right, do not even trigger a Bruen inquiry into whether they are consistent with this nation's tradition of firearm regulation." Id. at 12 (citing United States v. Libertad, 681 F. Supp. 3d 102, 111 (S.D.N.Y. 2023)). Accordingly, the plaintiffs in Meissner, like the Plaintiffs here, cannot use the Second Amendment as a vehicle to "challenge[] New York State's right to impose its own firearm licensing laws within its own borders." See id.

A copy of the opinion in Meissner is attached as Exhibit A. We thank the Court for its time and consideration.

Respectfully submitted,

James M. Thompson
Special Counsel
N.D.N.Y. Bar Roll No. 703513
james.thompson@ag.ny.gov

cc:   Counsel for all parties (via ECF)