

**Office of the New York State Attorney General**

**Letitia James Attorney General**

July 7, 2025

**Via ECF**

The Honorable Mae A. D'Agostino
United States District Court for the Northern District of New York
James T. Foley United States Courthouse
445 Broadway
Albany, New York 12207

        Re:  Higbie, et al. v. James, et al., No. 24 Civ. 174

Dear Judge D'Agostino,

      This Office represents Defendant Steven G. James, sued in his official capacity as Superintendent of the New York State Police.  I write in response to the Plaintiffs' letter, ECF No. 50, concerning the U.S. District Court for the Southern District of California's decision in Hoffman v. Bonta, No. 24 Civ. 664, 2025 WL 1811853 (S.D. Cal. July 1, 2025).  The Hoffman case is readily distinguishable from the case at bar for a number of reasons.

      **First**, the Hoffman case dealt with a California law that is fundamentally different from New York's.  The Hoffman court noted that California's statute included an explicit "residency requirement," 2025 WL 1811853 at *1, but as another District Court here recently found, "New York State does not prohibit nonresidents from applying for a firearms license."  Meissner v. City of New York, No. 23 Civ. 1907, 2025 WL 712744, at *5 (S.D.N.Y. Mar. 5, 2025).  The California statute explicitly requires each applicant to provide "proof" that "[t]he applicant is a resident of that city or county" where his or her application was filed.  Cal. Penal Code § 26155(a)(3).  New York, by contrast, has no residency requirement in the "Eligibility" section of its licensing law, see N.Y. Penal Law § 400.00(1), and elsewhere states that a license may be "issued to a noncitizen, or to a person not a citizen of and usually resident in the state."  Id. § 400.00(7).

      Not only does New York law not have an explicit residency requirement like California's, but the State's highest court has unanimously held that the portion of the law Plaintiffs would have the Court use to impute such a requirement simply operates "to discourage 'forum-shopping,' rather than to exclude certain applicants from qualifying at all."  Osterweil v. Bartlett, 21 N.Y.3d 580, 586 (2013); see also Osterweil v. Bartlett, 706 F.3d 139, 142 (2d Cir. 2013) (Sandra Day O'Connor, J.) (noting that the Court of Appeals "has never held that this statute imposes even a residence requirement.").  Moreover, as Plaintiffs themselves have repeatedly acknowledged, New York jurisdictions can, and several jurisdictions currently do, accept license applications from nonresidents.  See ECF No. 39-12 at 11; ECF No. 44-5 at 8-9.

**Second**, the relief sought in Hoffman was much less extreme than the relief Plaintiffs seek here. The Hoffman court emphasized that "the[] lawsuit is limited entirely to permitting nonresidents access to the first step [of the licensing process]: to apply and be considered on equal footing to resident applicants." 2025 WL 1811853 at *3. That is the law of New York and the practice in several jurisdictions within it, but Plaintiffs here are demanding far more: to carry deadly weapons in New York based on out-of-state licenses, without ever going through the application process that New Yorkers do.[1] See ECF No. 1 at 29 ¶ 3; ECF No. 39-12 at 22-23; ECF No. 47 at 1. While Plaintiffs represent in their new letter that they "d[o] not challenge the underlying requirement of licensure" and only seek "nonresident[] access to the first step" as in Hoffman, ECF No. 50 at 1, they have never withdrawn their demand to carry guns in New York State without a New York State firearms license.

**Third**, the historical showing made by California in Hoffman appears to have been less extensive than the laws adduced by New York in this action, rendering any holding by Hoffman in this regard unpersuasive. California focused on a generalized tradition of licensing laws, contending that "the Court may extract a general principle that relevant regulations limited licenses to 'acceptable' persons," 2025 WL 1811853 at *5, but New York has adduced many specific, dead-ringer licensing laws from the Incorporation Era containing explicit residency requirements, see Thompson Dec. Exs. 9-14, in addition to the "state laws from the early 1900s" that the Hoffman court considered. See id. Exs. 15-18. The Hoffman court also credited the tradition of "'traveler exceptions' to carry laws," 2025 WL 1811853 at *4, but New York has shown that these traveler exceptions simply did not permit the kind of day-to-day carry in foreign jurisdictions that the Plaintiffs seek to have the Court order. See Thompson Dec. Exs. 5-8; *Eslava v. State*, 49 Ala. 355 (1873); *Smith v. State*, 50 Tenn. 511, 513-14 (1871).

And **fourth**, the Hoffman court faulted California for a lack of founding-specific analogues, see 2025 WL 1811853 at *5, but such laws are not dispositive in the Second Circuit. Antonyuk v. James, 120 F.4th 941, 972 (2d Cir. 2024) ("[T]he prevailing understanding of the right to bear arms in 1868 and 1791 are both focal points of our analysis."). Even if founding-era analogues were specifically required, New York appears to have adduced more of them then California did, including laws from Pennsylvania, Massachusetts, and New York itself, in addition to the Connecticut statute California cited, each of which prohibited sales of guns or ammunition to people from outside the jurisdiction. The Court need not and should not reach the issue of historical support for a residency requirement New York does not have, but if the Court were to do so, the historical record provided in this case—unrebutted by the Plaintiffs—demonstrates that throughout American history states and localities have passed laws to ensure that persons carrying deadly weapons in a community must be *part* of that community.

We thank the Court for its time and consideration.

---

[1] In fact, Plaintiffs go even further than that, demanding that New Yorkers must be allowed to carry guns in New York based on permits issued in other states (presumably with lower standards), without ever going through their own state's process. See ECF No. 1 at 29 n.3 (demanding "[a]n order declaring that New York must honor permits to carry firearms issued by other states, *regardless of whether the permit holder is a resident of New York*." (emphasis added)).

                                      Respectfully submitted,

                                      James M. Thompson
                                      Special Counsel
                                      N.D.N.Y. Bar Roll No. 703513
                                      james.thompson@ag.ny.gov

cc:     Counsel for all parties (via ECF)