UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

### JUDGMENT IN A CIVIL CASE

**CARL HIGBIE, JOSEPH HARRIS;**
And **MICHAEL VOTRUBA,**
             Plaintiff,,

    vs.                                                                            1:24-CV-174
                                                                              (MAD/TWD)

**STEVEN G. JAMES,** *in his Official Capacity as Superintendent of the New York State Police*, **SHERIFF KYLE BOURGAULT,** *in his Official Capacity as the Sheriff of Rensselaer County, New York*, **SHERIFF DONALD J. KRAPF,** *in his Official Capacity as the Sheriff of Columbia County, New York*, **and JOHN DOES 1-10,**
                              Defendants.

_____

**Decision by Court.** This action came to trial or hearing before the Court. The issues have been tried or heard and a decision has been rendered.

**IT IS ORDERED AND ADJUDGED** that Plaintiffs' motion for summary judgment (Dkt. No. 39) is **GRANTED IN PART and DENIED IN PART** as follows: **GRANTED** as to Plaintiffs' Second Amendment claims regarding the constitutionality of N.Y. Penal Law §400.00(3)(a) as applied to Plaintiffs Harris and Votruba; **DENIED** as to Plaintiffs' Full Faith and Credit claim; and **DENIED** as to Plaintiffs' Privileges and Immunities claim; and the Court further **ORDERS** that N.Y. Penal Law § 400.00(3)(a) has been unconstitutionally applied to Plaintiffs Harris and Votruba; and the Court further **ORDERS** that Defendants must permit residents of other states to apply for permits to carry firearms in New York; and the Court further **ORDERS** that Defendants and all other officers, agents, servants, employees, and persons under the authority of the State shall not refuse to accept applications from otherwise eligible persons who are not residents or employees of the State of New York; and the Court further **ORDERS** that Defendant James' cross-motion for summary judgment (Dkt. No. 42) is **GRANTED as to standing** and otherwise **DENIED as moot**; and the Court further **ORDERS** that Plaintiffs' claims, to the extent they seek relief from Defendant James, are **DISMISSED for lack of standing**; and the Court further **ORDERS** that Plaintiff Higbie's as-applied Second Amendment claim is **DISMISSED as moot**; and the Court further **ORDERS** that the Clerk of the Court shall enter judgment in accordance with this Memorandum-Decision and Order and close the case, all of the above pursuant to the Memorandum-Decision and Order of the Honorable Judge Mae A. D'Agostino, dated the 20th day of August, 2025.

DATED: August 20, 2025

*[signature]*
Clerk of Court

                                                      s/Britney Norton

                                                      Britney Norton
                                                      Deputy Clerk